PATRICIA MARTINEZ,

        Plaintiff,

v.                                                                                                        No. CIV 01-36 BB/WWD

MICHAEL D. MARTINEZ, PAUL WEIST, JEAN SMITH, SUN STAR ASSOCIATES, ALBUQUERQUE COMMERCIAL REALTY, INC., and OTHERS YET UNNAMED, Individually, Jointly, and Severally,

        Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court for consideration of Defendants' motion to dismiss Plaintiff's first amended complaint (Doc. 49), and Defendants' motion for sanctions against Plaintiff and Plaintiff's counsel, pursuant to Rule 11 and the bad-faith exception to the American rule (Doc. 42).[1] The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that both motions will be granted. A hearing will be scheduled to determine the appropriate sanctions to be imposed, and to determine whether Plaintiff or her counsel will be subject to the sanctions.

---

[1] The motions were filed by Defendants Martinez, Weist, and Sun Star Associates. However, Defendants Smith and Albuquerque Commercial Realty, Inc. have been allowed to adopt all motions filed by the other Defendants by reference. (Doc. 40). The Court therefore refers to all Defendants in the case, collectively, as "Defendants." The Court also notes that at various places in the record, Defendants Weist's name is spelled either "Wiest" or "Weist." In this opinion, the Court will use the spelling appearing in the caption of the case.

**Procedural Posture of the Case**

Plaintiff originally filed her complaint acting *pro se*. She then retained current counsel, who defended the first complaint against a motion to dismiss filed by Defendants. At the hearing on the motion to dismiss, this Court warned Plaintiff's counsel that the case did not appear appropriate for the type of federal claim Plaintiff was attempting to bring, an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. This Court specifically stated, "I don't think there is any way you can amend, frankly, to bring this within RICO," and instructed Plaintiff's counsel to read several cases before deciding whether to file an amended complaint retaining the RICO claim. This Court then reiterated, "I have to say, I'm highly skeptical that this will support a RICO claim. This is not the intent of Congress, in my opinion, in enacting RICO, to provide a cause of action for disgruntled domestic litigants." At the same hearing, the issue of diversity jurisdiction was discussed, and Plaintiff's counsel indicated he would investigate his client's citizenship at the time the original complaint was filed.

Despite the Court's warnings, Plaintiff filed an amended complaint again raising RICO as a claim, as well as state-law claims. Defendants have again moved to dismiss the RICO claim for failure to state a claim, and the state-law claims for lack of diversity jurisdiction. In addition, Defendants have moved for sanctions against Plaintiff and Plaintiff's counsel, maintaining the amended complaint was not filed in good faith.

**Discussion**

**Motion to Dismiss RICO Claim:** In reviewing the motion to dismiss, this Court must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to Plaintiff. *GE Investment Private Placement Partners v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). However, a RICO claim based on fraud is subject to the requirement, imposed by Rule 9(b),

2

that each element of the RICO violation and its predicate acts of racketeering must be pled with particularity, a requirement justified by the "threat of treble damages and injury to reputation." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1362 (10th Cir.1989).

As Plaintiff's amended complaint acknowledges, her RICO claim "arises out of a domestic relations case between the Plaintiff and Defendant Michael Martinez..." Plaintiff alleged that Defendants engaged in "acts of money laundering, mail fraud, wire fraud and tax fraud to conceal income from the domestic relations court in New Mexico, resulting in damages and loss to Plaintiff in her share of property." In short, Plaintiff alleges that Defendants conspired together to hide the fact that Defendant Martinez had sold certain properties and earned commissions from those sales. The result of Defendants' actions was that Plaintiff was deprived of her fair share of the community's income and property, when that income and property was divided during her divorce from Defendant Martinez. Plaintiff also alleges that Defendant Martinez and Defendant Smith misrepresented to the domestic relations court that Defendant Smith was the owner of certain real property, even though Defendant Martinez was the actual owner of the property. Again, the purpose of this misrepresentation was to cheat Plaintiff of her community interest in that property.

To survive a Rule 12(b)(6) motion to dismiss, a civil RICO claim must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Id.* Plaintiff's amended complaint is wholly deficient in several ways in that, as discussed below, it fails to allege the existence of an enterprise, fails to allege an actionable pattern of conduct, and fails to adequately allege two or more predicate acts of racketeering.

**Enterprise Allegations:** To state a civil RICO claim, it is not sufficient to allege that a group of individuals or businesses committed predicate acts of racketeering. *Switzer v. Coan*, 261 F.3d 985, 992 (10th Cir. 2001). The plaintiff must also identify the criminal enterprise, a separate entity, on

3

whose behalf the individuals acted. This enterprise must have an existence apart from the pattern of racketeering, must be an ongoing organization, and must function as a continuing unit as shown by a hierarchical or consensual decision-making structure. *Dirt Hogs Inc. v. Natural Gas Pipeline Co. of America*, 2000 WL 368411 (10th Cir.2000); *Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1461-62 (5th Cir. 1991). The purpose of this requirement is to satisfy Congressional intent in enacting RICO; RICO was not intended to simply create another form of conspiracy, but was aimed at preventing criminal organizations from taking over legitimate businesses or engaging in a pattern of racketeering acts. *Blue Cross of California v. Smithkline Beecham Clinical Laboratories, Inc.*, 108 F.Supp.2d 84, 92-93 (D.Conn. 1999). Plaintiff's complaint does not allege that Defendants were organized into a separate enterprise. At most, it may be read to allege that Defendants conspired together to hide Defendant Martinez' income and property from the state court, in order to prevent Plaintiff from receiving her proper share of the community assets. As noted above, however, simply alleging a conspiracy or concerted action between defendants is not sufficient to meet the "enterprise" requirement of a civil RICO claim. Nor are Plaintiff's claims of a conspiracy to deprive her of marital assets sufficient to meet the "continuity" factor that is part of the "enterprise" requirement--that is, that the claimed enterprise have sufficient indicia of continuity to warrant treatment under the RICO statute. *See Calcasieu*, 943 F.2d at 1462; *Reynolds v. Condon*, 908 F.Supp. 1494, 1512-13 (N.D.Iowa 1995). For these reasons, Plaintiff's amended complaint fails to state an actionable RICO claim.

**Pattern Allegations:** The amended complaint does allege that Defendants acted over a lengthy period of time, the four years from 1995 to 1999 during which the divorce action was litigated. However, the wrongdoing alleged in the complaint involved only a single scheme, to hide Defendant Martinez' assets from Plaintiff and from the state court; affected a small number of

victims[2]; occurred during a finite period of time, the pendency of the divorce litigation; and was not the type of wrongdoing that could inflict harm on other members of the public. *See Dibbs v. Gonsalves*, 921 F.Supp. 44, 50 (D.P.R. 1996) (bald assertions that ex-spouse hid marital assets through mail fraud, wire fraud, and money laundering insufficient to state "pattern" of racketeering activity, as required by RICO); *Streck v. Peters*, 855 F.Supp. 1156, 1164-66 (D.Haw. 1994) (same). As many cases have pointed out, RICO was intended to address the threat of continuing, long-term racketeering activity. *See, e.g., Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989); *Sutherland v. O'Malley*, 882 F.2d 1196, 1205 (7th Cir. 1989). The conspiracy and fraud alleged in Plaintiff's amended complaint simply do not present any threat of continuing racketeering activity. *See Hibbard v. Benjamin*, 1992 WL 300838 (D.Mass. 1992). Therefore, the mere fact that the alleged fraud occurred over a four-year period is not sufficient to state an actionable pattern of racketeering activity. *See, e.g., In re: Burzynski*, 989 F.2d 733, 742-43 (5th Cir. 1993) (no sufficient pattern of racketeering conduct where all alleged predicate acts took place as part of underlying lawsuit, which had ended; conduct did not constitute or threaten long-term criminal activity, even though lawsuit lasted for six years). For this reason also, the amended complaint fails to state a viable RICO claim.

**Predicate Acts Allegations:** As noted above, Plaintiff claims Defendants engaged in acts of money laundering, mail fraud, wire fraud, and tax fraud. It must be pointed out at the outset that tax fraud is not a named predicate act under the RICO statute, and cannot be the basis of a RICO claim. *See* 18 U.S.C. § 1961(1) (listing RICO predicate acts); *cf. United States v. Morelli*, 169 F.3d 798, 805 (3d Cir. 1999) (recognizing that tax fraud is not a specified RICO predicate act). Furthermore,

---

[2]Plaintiff was the primary victim, and she argues that the United States and the State of New Mexico were also secondary victims because Defendants' activities resulted in a loss of tax income to those governments.

Plaintiff has completely failed to allege any facts that might constitute the crime of money laundering. Plaintiff's amended complaint maintains that Defendants committed money laundering by concealing the records of real estate sales made by Defendant Martinez, as well as commissions he earned from those sales. This activity, even if it occurred, is not money laundering, as a simple reading of the statutes in question would have established. In order to commit the crime of money laundering, a person must use the proceeds of criminal activity, and either conduct a financial transaction with those proceeds or attempt to do so. *See* 18 U.S.C. § § 1956 and 1957. Plaintiff's amended complaint is completely devoid of any allegations concerning the manner in which Defendants might have obtained proceeds of criminal activity, or turned around and used those proceeds in a financial transaction.

As to the claimed predicate acts of mail fraud and wire fraud, it must be kept in mind that Plaintiff was required to plead these acts of fraud with particularity, including approximate dates, contents of any misrepresentations sent through the mail or by wire, and the manner in which those misrepresentations were relied upon. Plaintiff failed to satisfy these requirements in her amended complaint. *See Dibbs v. Gonsalves*, 921 F.Supp. at 50. She first alleges that Defendants committed mail fraud and wire fraud by participating in a scheme to conceal the commissions earned by Defendant Martinez from the sale of seven different properties on unspecified dates. She states that "Records will show that the U.S. mails and fax wires were used to import and export these fraudulent documents, satisfying the allegation of mail and wire fraud during the period 1995 to 1999." (Amended complaint, par. 12) However, Plaintiff does not specify what "fraudulent documents" she is referring to, does not explain who were the recipients of these documents, and does not state how those recipients were misled by the documents. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993) (for mail or wire fraud, plaintiff must, within reason, allege time, place, and content of communications, as well as identity of parties to those communications). In addition, mail

or wire fraud "is not committed, however, simply by sending false statements through the mail." *Dirt Hogs Inc., supra*. Instead, Plaintiff was required to allege the manner in which the mailings or faxes were used to further Defendants' scheme to defraud her. She has completely failed to do so.

Plaintiff next claims Defendants committed an act of mail fraud when a quit claim deed of record was created, showing that Defendant Weist transferred his interest in a particular piece of property to Defendant Smith. (Amended complaint, par. 13) Defendant Smith then allegedly committed multiple acts of mail fraud by claiming that her portion of the monthly mortgage payments on the property was $2000 per month, and making mortgage payments on the property for two years. Presumably Plaintiff would argue that Defendant Martinez was the actual owner of the property and was actually making the mortgage payments, or giving the money to Defendant Smith to make the payments. Again, however, Plaintiff fails to specify who received these mailed mortgage payments, and how the recipients were deceived by the payments. Plaintiff has simply failed to satisfy the requirements of Rule 9(b), to plead her claims of fraud with specificity. For this reason also, her RICO claim must be dismissed.

**Motion to Dismiss State-Law Claims:** Since the only federal claim in the case will be dismissed, the remaining question is whether Plaintiff has satisfactorily alleged a basis for exercising diversity jurisdiction over her state-law claims. She has not done so. The Court must examine the face of the amended complaint to determine whether Plaintiff has presented facts sufficient to establish diversity jurisdiction. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001). Where the pleadings are inadequate to show such jurisdiction, the Court may review the record to find evidence that diversity exists. *Id.* Plaintiff's amended complaint is totally devoid of any allegations as to citizenship of any party. Plaintiff argues, in her response to the motion to dismiss, that there is diversity jurisdiction because she is a resident of Texas and Defendants are

citizens of New Mexico. However, she presented no evidence in support of that argument, and made no allegations to that effect in her amended complaint.[3] Furthermore, the Court's review of the record reveals no information tending to establish diversity jurisdiction in this case. In fact, when Plaintiff filed her original *pro se* complaint, she listed her address as a post office box in Albuquerque, New Mexico, a fact cutting against a finding that diversity of citizenship exists in this case. For these reasons, the Court will find that Plaintiff has failed to establish a basis for diversity jurisdiction in this case. The case will therefore be dismissed in its entirety.

**Motion for Sanctions under Rule 11:**

A civil RICO claim is "an unusually potent weapon--the litigation equivalent of a thermonuclear device." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1995). For this reason, there is a strong temptation for plaintiffs to raise a RICO claim, even when the claim is obviously frivolous. To deter such conduct, courts have not hesitated to impose Rule 11 sanctions as a sanction for bringing frivolous RICO claims. *See id.*, 167 F.R.D. at 660. A sanction under Rule 11 is appropriate where a RICO claim is filed even though no reasonable and competent attorney would believe the claim has merit. *Barrett v. Tallon*, 30 F.3d 1296, 1301-02 (10th Cir. 1994).

In this case, as discussed above, the Court warned Plaintiff's counsel that the allegations in the original complaint fell far short of stating a valid RICO claim, and cautioned counsel to read several RICO cases before deciding whether to file an amended complaint that continued to raise such

---

[3]Plaintiff maintained that she would attach "Exhibit A" to her response brief, which purportedly would be a document showing she was served in the state of Texas in 1995, in connection with the divorce proceedings between Plaintiff and Defendant Martinez. She did not attach such an exhibit. Furthermore, even if she had, evidence that she was located in the state of Texas in 1995 has no bearing on her citizenship on January 10, 2001, when her original complaint was filed in this court. That is the relevant date for purposes of diversity jurisdiction.

8

a claim. In response, Plaintiff's counsel filed an amended complaint containing few new factual allegations. Instead, the amended complaint contains a long paragraph discussing a Supreme Court case concerning the issue of whether a "racketeering injury" must be suffered before a plaintiff may bring a RICO case. This issue is irrelevant to the question in this case, which is whether Plaintiff has managed to properly allege any of the elements of a civil RICO claim. As discussed above, the amended complaint is woefully deficient in that respect. Although the pleading does contain conclusory allegations concerning an "enterprise" and requisite "predicate acts" of racketeering, thereby parroting language from RICO cases, there are no specific facts alleged which properly state the required elements of a RICO claim.[4] No reasonable or competent counsel who had read any Tenth Circuit cases concerning civil RICO complaints, and the requisites thereof, could believe that the amended complaint filed in this case stated a viable RICO claim. *See, e.g., Barrett* (Rule 11 sanctions appropriate where complaint failed to state two of the necessary elements for a RICO claim). This Court does not impose sanctions often or lightly. However, given the explicit warning provided to Plaintiff's counsel, and counsel's apparent failure to comply with his responsibility to perform minimal research on the RICO question before filing the amended complaint, Rule 11 sanctions are in order here.[5] Under Rule 11, sanctions are imposed against counsel and not against a party when the basis of the sanctions is the filing of a pleading that is completely unsupported by

---

[4]Plaintiff's counsel apparently neglected to investigate the elements of the crimes of money laundering, mail fraud, and wire fraud, before filing the amended complaint. In addition, counsel failed to investigate the issue of whether tax fraud is a predicate act under RICO.

[5]The Court also relies heavily on the amended complaint's complete failure to include any diversity-jurisdiction allegations, and on counsel's insistence on arguing that diversity jurisdiction exists in this case, despite his own client's provision of an Albuquerque address as her address on the date she filed the original complaint.

9

the law. Therefore, a hearing will be held to determine what appropriate sanctions will be imposed upon Plaintiff's counsel.

Defendants also requested that Plaintiff personally be required to pay the attorney's fees and costs they have incurred in this case, responding to the frivolous amended complaint. As Defendants acknowledge, under the American rule each party's attorney's fees are normally borne by that party, absent a fee-shifting statute. However, there is an exception where a party has acted in bad faith in bringing or continuing the lawsuit. *See United States of America v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000). This exception, however, is drawn very narrowly and may be resorted to only in exceptional cases; application of the exception requires more than a mere finding that a claim was frivolous when brought. *Id.* In this case, Plaintiff's RICO claim was frivolous when she brought it in her original *pro se* complaint. That circumstance alone would not be sufficient to allow the Court to apply the bad-faith exception. *See id.* Similarly, the mere fact that Plaintiff is apparently attempting to re-litigate a state-court divorce proceeding, standing alone, would also not be sufficient; parties are frequently subjected to the doctrine of *res judicata* without also being subjected to the bad-faith exception to the American rule. There remains a question, however, as to Plaintiff's role in the continuation of this lawsuit after this Court dismissed the original complaint. If Plaintiff merely relied on the advice of her counsel, poor as it may have been, she cannot be said to have acted in bad faith. An evidentiary hearing is therefore necessary to determine Plaintiff's role in the continuation of the case and the filing of the amended complaint. Following that hearing, the Court will determine whether Plaintiff should be required to personally bear a portion of Defendants' attorney's fees.

**Conclusion**

From a review of the record in this case and the amended complaint, it is apparent that Plaintiff's federal RICO claim is nothing more than an attempt to re-litigate, in a different forum, a

claim she failed to prove in her divorce proceedings: that Defendants conspired to hide her ex-husband's income and assets from her, so she would not receive her fair share of community property or child support. Unfortunately for Plaintiff, even if her claim is true, it does not present an actionable RICO claim. *See DeMauro v. DeMauro*, 2000 WL 231255, **4 (1st Cir. 2000) (concealment of assets by a husband from a wife is reprehensible and may be a crime, but it is not a pattern of racketeering activity perpetuated through an enterprise); *LaPorte v. LaPorte*, 621 A.2d 186 (R.I. 1993) (husband's concealment of assets does not give rise to a little RICO action). This is simply not the type of situation Congress intended to address in enacting RICO. *See Capasso v. CIGNA Ins. Co.*, 765 F.Supp. 839, 844 (S.D.N.Y. 1991); Robert G. Spector, *Marital Torts: The Current Legal Landscape*, 33 Fam.L.Q. 745, 760 (Fall 1999). Furthermore, when an attorney is instructed to investigate carefully before deciding whether to file an amended complaint, and files a frivolous pleading that completely fails to state a claim, that attorney is subject to the strictures of Rule 11. Therefore, this case will be dismissed, and a hearing held to determine what sanctions to apply to Plaintiff's counsel and, if warranted, to Plaintiff herself. A final order dismissing the case and addressing the sanctions issue will be filed following the hearing. At this point, therefore, no final, appealable order will be filed.

## ORDER

Pursuant to the foregoing, Defendants' motion to dismiss (Doc. 49) and motion for sanctions (Doc. 42) shall be, and hereby are, GRANTED. A final, appealable order will be entered following the evidentiary hearing to be held in this case.

Dated this 8th day of May, 2002.

*[signature: Bruce D. Black]*
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:
**For Plaintiff**:
Stephen McILwain

**For Defendants**:
Suzanne B. Kinney
Susan M. Hapka